IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



```
CHARLES DEANDRA SIMS,            §
                                §
              Petitioner,        §
                                §
v.                              §      No. 4:13-CV-347-A
                                §
WILLIAM STEPHENS, Director,      §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                §
              Respondent.        §
```

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Charles Deandra Sims, a state prisoner currently incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by Petitioner, the court has concluded that the petition should be denied.

I.  Procedural History

On May 24, 2011, in the 371st District Court of Tarrant County, Texas, Case No. 1232037D, a jury found Petitioner guilty of forgery by possession of a check with intent to pass,

Petitioner pleaded true to the sentencing-enhancement paragraph in the indictment alleging two prior felony convictions, and the trial court assessed his punishment at fifteen years' imprisonment.  Admin. R., SH16-writ, 24-25 & 27, ECF No. 14-7. Petitioner appealed his conviction and sentence, but the state appellate court affirmed the trial court's judgment.  Mem. Op. 4, ECF No. 12-4.  Petitioner did not file a petition for discretionary review.  Pet. 3, ECF No. 1.  Petitioner filed three relevant state habeas applications, the first two of which were dismissed because his direct appeal was still pending.  Admin. R., SH10-writ & SH11-writ, cover, ECF Nos. 14-1 & 14-2.  The third was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.  Admin. R., SH16-writ, cover, ECF No. 14-7.  This federal petition for habeas relief followed.

The appellate court summarized the facts of the case as follows:

> Two days before Christmas in 2010, appellant drove with Albert Griffith to a bank in Arlington where appellant and Griffith had accounts.  Appellant placed a $674.84 check and a deposit slip for Griffith's account into one of the bank's drive-through tubes. The check was drawn on Atlas Match, LLC.  The front of the check designated appellant as the payee, and the back contained signatures bearing appellant's and Griffith's names.  Julie Bair, who worked at the bank,

2

recognized appellant because he had been inside the
bank to discuss matters related to his account.[FN2]   When
Bair looked at the check, she believed that the payee's
name on the check had been "washed" because, in part,
appellant's typed name did not match another font on
the check.   A teller instructed appellant to enter the
bank, but only Griffith did so, and appellant left the
scene.

> FN2.   Bair testified that appellant's account
> was "scheduled to be closed due to fraudulent
> activity."

A grand jury indicted appellant with forgery.   At
trial, appellant pled not guilty.   Douglas Lamb, Atlas
Match's chief operating officer, testified that he had
signed the check that appellant had presented to the
bank, that the check was originally made out to someone
other than appellant, and that after being placed in
the mail, the check had been altered without the
company's permission.   After listening to testimony
from four witnesses (including Bair and Lamb), hearing
arguments from the parties, and deliberating for less
than an hour, the jury convicted appellant.

Mem. Op. 1-2, ECF No. 12-4 (footnote 3 omitted).

## II.  Issues

Petitioner raises three grounds for habeas relief wherein he

claims his constitutional rights were violated because-

(1)   his sentence is void and illegal;

(2)   he was denied effective assistance of trial
counsel; and

(3)   his conviction is void.

Pet. 6-7, ECF No. 1.

3

### III.   Rule 5 Statement

Respondent believes the petition is neither barred by limitations nor subject to the successive-petition bar and does not contend the claims presented are unexhausted.   Resp't's Answer 5, ECF No. 17.   28 U.S.C. §§ 2244(b), (d) & 2254(b).

### IV.   Discussion

#### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.   28 U.S.C. § 2254(d).   A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v.*

4

*Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  The presumption of correctness applies to both implicit and explicit factual findings.  *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Finally, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas corpus application without written order, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any

indication or state-law procedural principles to the contrary."
*Johnson v. Williams,* 133 S. Ct. 1088, 1094 (2013); *Harrington v. Richter,* 131 S. Ct. 770, 784-85 (2011).   In this case, the state habeas court entered express findings of fact as to Petitioner's claims, which he has failed to rebut with clear and convincing evidence, and the Texas Court of Criminal Appeals adopted those findings.   Under these circumstances, a federal court must defer to the state habeas court's factual findings and may assume the Texas Court of Criminal Appeals applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied.   *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997). With these principles in mind, the court addresses Petitioner's claims.

### *Void/Illegal Sentence*

In his first ground, Petitioner claims his sentence is void and illegal because it was not authorized by law.   Pet. 6-6a, ECF No. 1.   Under state law, forgery by possession of a check with

---

[1]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d).   *Harris v. Oliver,* 645 F.3d 327, 330 n.2 (5th Cir. 1981).

intent to pass is a state jail felony. TEX. PENAL CODE ANN. §

32.21(d) (West 2011). Former § 12.42(a)(2) of the Texas Code of

Criminal Procedure, in effect when Petitioner committed the

offense, provided the basis for sentence enhancement. The

statute states—

> If it is shown on the trial of a state jail felony
> punishable under Section 12.35(a) that the defendant
> has previously been finally convicted of two felonies,
> and the second previous felony conviction is for an
> offense that occurred subsequent to the first previous
> conviction having become final, on conviction the
> defendant shall be punished for a second-degree felony.

Act of May 24, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen.
Laws 2734, 2734-35, *amended by* Act of May 25, 2011, 82nd Leg.,
R.S., ch. 834, § 1, 2011 Tex. Gen. Laws 2104, 2104-05.

Here, for sentence-enhancing purposes the indictment alleges

in one paragraph—

> STATE JAIL FELONY ENHANCEMENT - 2ND DEGREE FELONY
> NOTICE: AND IT IS FURTHER PRESENTED TO SAID COURT THAT
> PRIOR TO THE COMMISSION OF THE STATE JAIL FELONY
> OFFENSE OR STATE JAIL FELONY OFFENSES SET OUT ABOVE,
> THE DEFENDANT WAS FINALLY CONVICTED OF THE FELONY
> OFFENSE OF INJURY TO CHILD-BODILY INJURY, IN THE
> CRIMINAL DISTRICT COURT FOUR OF TARRANT COUNTY, TEXAS,
> IN CAUSE NUMBER 0863565D, ON THE 21ST DAY OF JUNE,
> 2004, AND PRIOR TO THE COMMISSION OF THE OFFENSE OR
> OFFENSES FOR WHICH THE DEFENDANT WAS CONVICTED AS SET
> OUT ABOVE, THE DEFENDANT WAS FINALLY CONVICTED OF THE
> FELONY OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE
> OF LESS THAN 28 GRAMS, NAMELY: COCAINE, IN THE 372ND
> DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE
> NUMBER 0545750D, ON THE 20TH DAY OF APRIL, 1998.

Admin. R., SH16-writ 24-25, ECF No. 14-7.

Petitioner claims that enhancement of his punishment range from that applicable to a state jail felony to that of a second-degree felony (two to twenty years) was not authorized by state law because the trial judge found the first, and only, enhancement paragraph true, the indictment did not contain a second enhancement/habitual paragraph, and the judgment reflects "N/A" to findings on a second enhancement/habitual paragraph. Pet. 6a, ECF No. 1. The state habeas court found that the notice provided in the indictment "included an allegation that Applicant was finally convicted of two prior sequential felonies," that the trial court found the allegation true, and that the trial court "explicitly found Applicant true of two prior felony convictions." Admin. R., SH16-writ, 53, ECF No. 14-7. Hence, the court concluded that, as a matter of state law, Petitioner's sentence was properly enhanced. *Id.* 56. Both, the sufficiency of the indictment and whether Petitioner's sentence was properly enhanced, are matters of state law and fail to present a meritorious basis for federal habeas corpus relief. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003); *Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir. 1982).

Further, to the extent Petitioner attempts to raise for the first time in this federal petition a federal constitutional

claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and/or

*Jackson v. Virginia,* 443 U.S. 307 (1979), the claim is

unexhausted for purposes of § 2254(b). Pet'r's Mem. 6-7, ECF No.

2; Pet'r's Reply 2-3, ECF No. 20. Under the Texas abuse-of-the-

writ doctrine, however, Petitioner cannot now return to state

court for purposes of exhausting the claim. TEX. CODE CRIM. PROC.

ANN. art. 11.07, § 4 (West Supp. 2013). The abuse-of-the-writ

doctrine represents an adequate state procedural bar to federal

habeas review. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir.

1997). Therefore, absent a showing of cause and prejudice or a

miscarriage of justice, such showing not having been

demonstrated, the claim raised for the first time in this federal

petition, is procedurally barred from this court's review. *Smith*

*v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000).

### *Ineffective Assistance of Counsel*

In his second ground, Petitioner presents a laundry list of

ineffective-assistance claims. Specifically, Petitioner claims

his trial counsel, Mary B. Thornton, was ineffective by failing

to (1) file a pretrial motion to seek an independent handwriting

expert to conduct a handwriting analysis of the alleged forged

check; (2) file a pretrial "discovery motion to obtain and

introduce at trial a copy of the Chase Bank drive-through-teller

video surveillance camera recording"; (3) investigate and seek a
qualified mental health expert to testify regarding his mental
illness; (4) file a pretrial motion to seek an independent
fingerprint expert to conduct a fingerprint analysis of the
alleged forged check and the Chase Bank "drive-through-teller
carrier tube"; (5) "challenge for cause and use peremptory
challenges to strike venireperson[s] Gonzales and Wyman from
serving on the jury"; and (6) present an insanity defense.   Pet.
6-6a, ECF No. 1.

A criminal defendant has a constitutional right to the
effective assistance of counsel at trial.   U.S. CONST. amend. VI,
XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v.
Washington*, 466 U.S. 668, 688 (1984).   An ineffective assistance
claim is governed by the familiar standard set forth in
*Strickland v. Washington.*   466 U.S. at 668.   To establish
ineffective assistance of counsel a petitioner must show (1) that
counsel's performance fell below an objective standard of
reasonableness, and (2) that but for counsel's deficient
performance the result of the proceeding would have been
different.   *Id.* at 688.

In applying this standard, a court must indulge a strong
presumption that counsel's conduct fell within the wide range of

10

reasonable professional assistance or sound trial strategy. *Id.*
at 668, 688-89.  Judicial scrutiny of counsel's performance must
be highly deferential and every effort must be made to eliminate
the distorting effects of hindsight. *Id.* at 689.  Where a
petitioner's ineffective assistance claims have been reviewed on
their merits and denied by the state courts, federal habeas
relief will be granted only if the state courts' decision was
contrary to or involved an unreasonable application of the
*Strickland* standard in light of the state court record.
*Harrington,* 131 S. Ct. at 785 (quoting *Williams v. Taylor,* 529
U.S. at 410); *Bell v. Cone,* 535 U.S. 685, 698-99 (2002).  The
Supreme Court recently emphasized–

> The pivotal question is whether the state court's
> application of the *Strickland* standard was
> unreasonable.  This is different from asking whether
> defense counsel's performance fell below *Strickland's*
> standard.  Were that the inquiry, the analysis would be
> no different than if, for example, this Court were
> adjudicating a *Strickland* claim on direct review of a
> criminal conviction in a United States district court.
> Under AEDPA, though, it is a necessary premise that the
> two questions are different.  For purposes of §
> 2254(d)(1), "an *unreasonable* application of federal law
> is different from an *incorrect* application of federal
> law."  A state court must be granted a deference and
> latitude that are not in operation when the case
> involves review under the *Strickland* standard itself.

*Harrington,* 131 S. Ct. 770, 785 (quoting *Williams v. Taylor,* 529
U.S. 362, 410 (2000)).  Accordingly, it is necessary only to

11

determine whether the state courts' rejection of petitioner's
ineffective assistance claims was contrary to or an objectively
unreasonable application of *Strickland*.  *Bell v. Cone,* 535 U.S.
685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17
(5th Cir.

The state habeas judge, who also presided over Petitioner's
trial, adopted the state's factual findings on the issue and
entered the following factual findings:

11.  Applicant presents no evidence that a handwriting
     expert would have testified that Applicant did not
     sign the check.

12.  Applicant was not charged with signing the check
     but possessing the check with intent to pass.

13.  Applicant presents no evidence to support his
     claim that counsel should have hired a handwriting
     expert.

14.  Applicant presents no evidence to support his
     claim that there was video surveillance of the
     incident.

15.  The bank indicated there was no video.

16.  There is no evidence that a surveillance video
     existed for counsel to obtain.

17.  There is no evidence that counsel's representation
     was deficient because she did not obtain
     surveillance video.

18.  Applicant presents no evidence to support his
     claim that he suffers from mental illness or that
     he was incompetent as a result.

12

19. Applicant was preliminarily evaluated in this case and specifically found competent to stand trial.

20. There is no evidence that counsel should have hired a mental health expert.

21. Applicant presents no evidence that a fingerprint expert would have been beneficial to his defense.

22. There is no evidence that counsel should have hired a fingerprint expert.

23. Applicant does not allege on what statutory basis Gonzalez or Wyman should have been challenged for cause.

24. Applicant complains that Gonzalez and Wyman lost money as a result of having their checks stolen in the past.

25. Applicant presents no evidence that Gonzalez or Wyman were biased or prejudiced against Applicant due to their experiences.

26. Applicant presents no evidence to support his claim that the trial court would have granted challenges for cause of Gonzalez and Wyman.

27. Applicant does not allege who counsel struck instead of Gonzalez or Wyman.

28. Applicant does not show, or allege, that these persons were more detrimental to his case than the members counsel did strike.

29. Applicant does not allege that counsel did not use all of her peremptory strikes or that she used them improperly.

30. There is no evidence that counsel should have struck Gonzalez and Wyman in lieu of any of the other members she struck.

31. There is no evidence that counsel used the

13

peremptory strikes improperly.

32. Applicant presents no evidence, or allegation, that he did not know that his conduct was wrong at the time of the offense due to a severe mental disease or defect.

33. Applicant does not allege that he suffers from a severe mental disease or defect.

34. There is no evidence that Applicant was insane at the time of the offense.

35. There is no evidence that counsel should have presented an insanity defense.

36. There is no evidence that counsel's representation fell below an objective standard of reasonableness.

37. Applicant presents no evidence that he was prejudiced by counsel's actions.

38. There is no evidence that a reasonable probability exists that the outcome of any proceedings would have been different but for the alleged misconduct.

SH16-writ 54-55 (citations to the record omitted).

Based on these findings, her observation of counsel's performance at trial, and the state court record, the state habeas judge, applying the *Strickland* standard and relevant state law, entered the following legal conclusions:

13. Because Applicant has failed to demonstrate that a handwriting expert would have been beneficial to the defense, Applicant has failed to prove that counsel should have requested one.

14

14.  Because there was no surveillance video, Applicant has failed to prove that counsel was deficient for not obtaining one.

15.  Because Applicant has failed to demonstrate that he was incompetent to stand trial, Applicant has failed to demonstrate that counsel should have requested a qualified mental health expert to prove him incompetent.

16.  Because Applicant has failed to demonstrate that a fingerprint expert would have been beneficial to the defense, Applicant has failed to prove that counsel should have requested one.

17.  To demonstrate insanity, a defendant must show he did not know that the conduct was wrong due to severe mental disease or defect.

18.  Applicant has failed to present any evidence, or specific allegations, that he was insane at the time he committed the offense.

19.  Because Applicant has failed to demonstrate that the evidence indicated he was insane at the time he committed the offense, Applicant has failed to prove that counsel should have presented an insanity defense.

20.  Applicant has failed to prove that his trial counsel's representation fell below an objective standard of reasonableness.

     .  .  .

22.  Applicant has failed to show that there is a reasonable probability that the outcome of the proceedings would have been different had counsel requested a handwriting expert.

23.  Applicant has failed to show that there is a reasonable probability that the outcome of the proceedings would have been different had counsel requested a mental health evaluation.

24. Applicant has failed to show that there is a reasonable probability that the outcome of the proceedings would have been different had counsel requested a fingerprint expert.

25. Applicant has failed to show that there is a reasonable probability that the outcome of the proceedings would have been different had counsel requested a handwriting expert.

26. Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceedings would have been different.

27. Applicant has failed to prove that he received ineffective assistance of trial counsel.

*Id.* 57-58 (citations omitted).

Deferring to the state court's findings, and having independently reviewed Petitioner's claims in conjunction with the state court records, it appears that the Supreme Court has not specifically addressed one or more of the claims raised by Petitioner or that, where the Supreme Court has done so, the state court's application of *Strickland* was reasonable. *See, i.e., Lopez v. Smith,* — S. Ct. —, 2014 WL 4956764, at *3 (U.S. Oct. 6, 2014) (No. 13-946) (providing absent a decision by the Supreme Court addressing "the specific question presented by a case" a federal court cannot reject a state court's assessment of claim); *Burt v. Titlow,* 134 S. Ct. 10, *17 (2013) (noting the absence of evidence cannot overcome the presumption that

16

counsel's conduct fell within wide range of reasonable
professional assistance); *Gonzalez v. United States,* 553 U.S.
242, 249 (2008) (providing tactical decisions generally
controlled by counsel include "the arguments to advance");
*Strickland,* 460 U.S. at 691 (providing "[c]ounsel has a duty to
make reasonable investigations or to make a reasonable decision
that makes particular investigation unnecessary"); *Alvord v.
Wainwright,* 469 U.S. 956, 960 n.5 (1984) (providing decision on
what witnesses to call is "the exclusive province of the
lawyer"); *Teague v. Scott,* 60 F.3d 1167, 1172 (5th Cir. 1995))
(providing an "attorney's actions during voir dire are considered
to be a matter of trial strategy").

Petitioner's claims lack a legal or a credible evidentiary
basis and/or are refuted by the state court records.  Moreover,
Petitioner has not demonstrated any reasonable probability that
the outcome of his trial would have been different but for
counsel's acts or omissions.  A petitioner shoulders a heavy
burden to overcome a presumption that his counsel's conduct is
strategically motivated, and to refute the premise that "an
attorney's actions are strongly presumed to have fallen within
the wide range of reasonable professional assistance."  *Messer v.
Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985).  Petitioner has
presented no evidentiary, factual or legal basis in this federal

state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d).

### Void Conviction

Lastly, under his third ground, Petitioner claims his "conviction is void based on an invalid complaint to support the indictment/information." Pet. 7, ECF No. 1. The state habeas court found that Petitioner did not preserve this issue by raising it before trial, that he was later indicted by a grand jury for the offense, and that he was tried based on the indictment and not the information. SH16-writ 55-56, ECF No. 14-7. Thus, the state court concluded that the issue was waived as a matter of state law or, in the alternative, rendered moot. *Id.* 58.

Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, *i.e.*, that the petitioner is actually innocent of the crime. 28 U.S.C. § 2254(b)(1)(B); *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner demonstrates cause by showing

18

U.S. 722, 750 (1991). A petitioner demonstrates cause by showing
that his efforts to comply with the state's procedural rules were
hampered by "some objective factor external to the defense."
*Murray v. Carrier,* 477 U.S. 478, 488 (1986). On the other hand,
a "fundamental miscarriage" implies that a constitutional
violation probably caused the conviction of an innocent person.
*McCleskey v. Zant,* 499 U.S. 467, 502 (1991).

Petitioner has not given any explanation to excuse his
default in state court. Nor has he demonstrated that failure to
consider his claim will result in a miscarriage of justice, *i.e.,*
that he is innocent of the crime for which he was charged and
convicted. Accordingly, this claim is procedurally barred from
federal habeas review.

In summary, the record supports the state courts' denial of
the claims presented in this federal habeas proceeding. The
state courts' adjudication of the claims is not contrary to or
involve an unreasonable application of clearly established
federal law, as determined by the Supreme Court, in light of the
record as a whole. Accordingly, it is entitled to deference and
the presumption of correctness.

For the reasons discussed herein,

The court ORDERS the petition of Petitioner for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

denied.   The court further ORDERS that a certificate of

appealability be, and is hereby, denied.

SIGNED January ___12___, 2015.


_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE